THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD JONES *et al.,* Defendants-Appellants.

(Nos. 58998-99 cons.;

First District (4th Division)—April 23, 1975.

James J. Doherty, Public Defender, of Chicago (Dorothea Kaplan, Richard D. Kharas, and Ronald P. Alwin, Assistant Public Defenders, of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Barry Rand Elden, and Ferdinand M. Minelli, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

The defendants, Ronald Jones and Myron Black, were found guilty of theft after a bench trial in the Circuit Court of Cook County on November 20, 1972. Each was sentenced to one year in the House of Correction.

The issues for review are whether there was a knowing and intelligent jury waiver when the trial court failed to personally inform the defendants of their right to a trial by jury, and whether they were proved guilty beyond a reasonable doubt.

On November 20, 1972, the defendants' cause came to trial. The public defender was appointed to represent each of the defendants, and their cases were passed to give them time to confer with him. When the case was called again on the same day, the public defender stated: "Your Honor, the defendants are ready for trial. Waive trial by jury." Then the case proceeded to trial.

Michele Millo, a boarder at the Samuelson residence at 7747 South Maryland, testified she saw Ronald Jones and two other men enter the home through a basement window on November 17, 1972. She hid behind a door for 6 to 8 minutes, and when they left the house she called the police from a tavern across the street. She testified she gave a description of Jones to the police and also drew a picture of him. After the men left, she noticed a turntable which she had seen earlier in the day was missing.

Harry Dickerson, a 12-year-old neighbor, testified he saw Ronald Jones and Myron Black and another man enter the Samuelson home. The defense stipulated to the fact that at a lineup of six men, Dickerson had made a positive identification of Black.

Mrs. Samuelson testified she noticed that a turntable and a television set were missing when she came home from work on that same day. She also noticed that a basement window had been damaged. The television set was subsequently recovered by police from a nearby garbage can.

Myron Black testified that at the time of the robbery, he was alone at his home, which was approximately one block from the Samuelson home. He also stated he was a friend of Ronald Jones.

Jones testified he was at home with his mother at the time of the robbery, about three blocks from the Samuelson home. He also admitted having been to the Samuelson house to visit Leslie Samuelson on November 16, 1972.

The defendants first complain they were deprived of a fair trial because the record does not disclose they knowingly and intelligently waived their right to a jury trial. There is no signed jury waiver in the common law record, and the trial court did not admonish them with respect to their right to a jury trial.

The Illinois Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 103—6) provides:

> "Every person accused of an offense shall have the right to a trial by jury unless understandingly waived by defendant in open court."

The defendants concede the case of *People v. Sailor* (1969), 43 Ill.2d 256, holds that a valid jury waiver can be made by an attorney who waives the right in open court without the objection of the client. The defendants suggest this case should be reexamined in the light of the general language of the United States Supreme Court cases of *Boykin v. Alabama* (1969), 395 U.S. 238, and *Schneckloth v. Bustamonte* (1973), 412 U.S. 218. They also relied on the cases of *People v. Brodus* (1974), 19 Ill.App.3d 840, and *People v. Murrell* (1974), 20 Ill.App.3d 789, which are factually identical to the instant case with respect to the issue of jury waiver.

■■ The *Brodus* and *Murrell* cases were appealed to the Illinois Supreme Court and in a consolidated opinion handed down on March 25, 1975, (*People v. Murrell*, 60 Ill.2d 287) the court held that a defendant who permits his attorney, in his presence and without objection, to waive his right to a jury trial, is deemed to have acquiesced in, and is bound by, his attorney's action. The court stated:

> "In each of these cases now under consideration the waiver of the right to jury trial was not presumed, nor is the record silent on the question of waiver. The record shows that the waiver was made by counsel in open court in the presence of the defendant, who acquiesced in the waiver. The record is only silent as to the defendant's knowledge and intent. Our Rule 402 (50 Ill.2d R. 402) only requires an affirmative showing on the record of a knowing and understanding waiver as to pleas of guilty. * * * Neither our rule nor *Boykin* contains a similar requirement concerning the waiver of the right to jury trial."

This case is entirely dispositive of the jury waiver issue.

The defendants secondly contend they were not proved guilty of theft beyond a reasonable doubt, because there was no proof they were the ones who took the turntable alleged to be missing.

■■ It is well established that the commission of an offense may be determined by circumstantial evidence. (*People v. Dayani* (1973), 16

Ill.App.3d 615; *People v. Bernette* (1964), 30 Ill.2d 359.) In the instant case the defendants and another man were seen breaking into a basement window by two witnesses, and the window was later found to be damaged. Michele Millo testified that after the men left, she found that a turntable which she had seen earlier in the day was missing. When Mrs. Samuelson returned from work on that day, she testified, that the turntable and a television set were missing. This testimony, if believed by the trier of fact, is much more than the suspicions and probabilities asserted by the defendants.

The defendants both had alibi witnesses, but the law is well settled that the credibility of witnesses is a matter for the trier of fact to determine. *People v. Robinson* (1964), 30 Ill.2d 437.

We hold the evidence adduced at trial was sufficient to find the defendants guilty beyond a reasonable doubt.

For these reasons the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

BURMAN and ADESKO, JJ., concur.